E-FILED
Tuesday, 29 September, 2026 11:59:13 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JEROME FLAGG,
Plaintiff,

v.

CAROTHERS, *et al.*,
Defendants.

Case No. 1:26-cv-01333-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Warden Carothers, Correctional Officers Wendes, Paige, Charlier, Noss, Cook, Murray, Watson, Weat, Wealsh, Miller, Coover, Kleiber, Baker, Lawrence, Wiekes, Tunget, Thomas, Anderson, Williams, and Gibson, Sergeant Dyers, Pellitier, Merideth, Prop, Sheild, and Merideth II, Lieutenants Dayton, Biros, Gish, Bolden, Pratt, Greggor, and Greggrett, Mental Health Professional ("MHP") Ronald Benard, Behavioral Health Therapists ("BHT") Sidler, Mullen, and Gonder, Majors Shelton and Punke, and Pontiac Maintenance (Plumbers/Maintenance).

On December 12, 2025, Plaintiff alleges he developed an infection on his feet after using a shower with a clogged drain. Plaintiff alleges the clogged shower drain has been ongoing issue, but plumbing staff refuse to fix it.

Plaintiff alleges he drank contaminated water from the sink in his cell on December 14, 2025, became extremely ill, and did not receive medical treatment. Plaintiff asked Defendants for emergency medical attention and filed grievances, to no avail.

Plaintiff also alleges his back pain has rapidly increased because he is unable to stretch or exercise in his small cell. Plaintiff's requests for time outside were denied.

Plaintiff also alleges he is served rotten food and does not receive adequate nutrition. Plaintiff alleges he is ill, weak, and has lost weight.

Plaintiff alleges he has not received appropriate mental health treatment at Pontiac. Plaintiff claims that mentally ill prisoners do not receive meaningful programming and social opportunities.

**III**

Plaintiff named over forty-one Defendants. The fact that Plaintiff may have complained to each of the Defendants at some point in time about these issues

does not establish that they were personally involved in violating his constitutional rights. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Due to the number of Defendants and the multiple issues Plaintiff raised, it appears likely that Plaintiff's claims are not properly joined in one lawsuit. Plaintiff is advised that unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within thirty days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace

Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**III**

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff does not indicate what attempts he made to find an attorney and did not attach any letters from attorneys who declined to accept his case to his Motion. About a month after filing his Motion, Plaintiff filed a letter informing the Court that all his court-appointed attorney letters were confiscated during a shakedown of his cell. (Doc. 9). Plaintiff states he has "some vital information to share with them" and asks the Court to send him the names and addresses of the attorneys. *Id.* at p. 1. It is unclear what letters Plaintiff is referring to. Plaintiff attached 100 pages of exhibits to his Complaint, but the exhibits did not include any correspondence from attorneys. (Doc. 1-1).

Plaintiff has not demonstrated that he made a reasonable attempt to find his own attorney. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Request Counsel [4] is DENIED.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: September 29, 2026

s/Jonathan E. Hawley
U.S. District Judge